# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ERVIN CABLE CONSTRUCTION, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 19-cv-6083 |
| SENECA SPECIALTY INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

COMES NOW ERVIN CABLE CONSTRUCTION, LLC ( "Plaintiff" or "Ervin Cable"), by and through its attorneys of record, Baker Sterchi Cowden & Rice, LLC of Kansas City, Missouri, and, pursuant to 28 USC §2201, hereby files this Complaint for Declaratory Judgment directed to Defendant, SENECA SPECIALTY INSURANCE COMPANY (hereinafter "Seneca") to determine and declare the rights and duties of the parties under: (1) a policy of insurance issued by Seneca to GA Utilities, Inc., in 2014 to which Plaintiff and Google Fiber, Inc. (hereinafter "Google") are additional insureds; and (2) an Agreement entered into between Plaintiff and GA Underground to perform certain work referenced therein providing for insurance coverage (to be obtained by GA Underground for the benefit of Plaintiff and Google), defense and indemnity obligations.

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a foreign limited liability company with its principal place of business located at 450 Pryor Blvd., Sturgis, KY 42459.

2. Seneca is a foreign corporation with its principal place of business at 160 Water Street, 16th Floor, New York, NY 10038.

1

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332.

4. Venue is proper in this United States District Court, as the incident giving rise to this declaratory judgment action and lawsuit for breach of contract occurred in Platte County, Missouri.

## GENERAL ALLEGATIONS

5. On or about January 28, 2014, Plaintiff entered into an agreement with GA Underground under which GA Underground would perform certain subcontract work under Plaintiff's primary contract with Google; subsequent thereto, Plaintiff and GA Underground executed a First Amendment to Subcontractor Agreement pertaining to required insurance coverage (hereinafter "Subcontract"). A true and correct copy of the Subcontract is attached hereto as **Exhibit "A."**

6. The Subcontract identified GA Underground as "Subcontractor" and Plaintiff as "Contractor."

7. Pursuant to the Subcontract, GA Underground performed certain subcontract work in May 2014, including the installation of conduit and vaults for fiber optic cable on the north and south sides of NW 65th Court, which included the property located at 4413 NW 65th Ct., Kansas City, MO 64151 ("the Work").

8. On March 4, 2019, Ervin Cable was served with a lawsuit filed by Justin Thompson, plaintiff in the underlying lawsuit filed in the Circuit Court of Platte County, Missouri, under Case No. 18AE-CC-00394 (the "Lawsuit"). A copy of the Petition for Damages in the underlying Lawsuit is attached hereto as **Exhibit "B."**

9. In the underlying Lawsuit, Justin Thompson alleges that he stepped into a hole running parallel to a sidewalk at or near 4413 NW 65th Ct., Kansas City, Missouri, on or about March 2, 2017, thereby allegedly sustaining bodily injuries ("the Incident").

10. Consequently, as a result of the Lawsuit, on March 25, 2019, Plaintiff made demands to both Seneca and GA Underground for defense and indemnity. See the demands attached hereto as **Composite Exhibit "C."**

11. In said demands, Plaintiff requested a copy of the Policy issued by SENECA bearing Policy No.: BAG1027431 (the "Policy"). See a copy of the Certificate of Insurance ("COI") attached as **Exhibit "D."**

12. To date, Seneca and GA Underground have failed and refused to accept Plaintiff's demands; however, by way of correspondence dated April 4, 2019, generated by Crum & Forster adjuster, Mercedes Roman, it is asserted that there "is no coverage for this loss" afforded by way of the Policy. See a copy of this correspondence attached hereto as **"Exhibit E."** GA Underground was dissolved as a corporation according to the Georgia Secretary of State's Office.

13. Nonetheless, Seneca has failed to provide Plaintiff with a complete copy of the Policy and ignored plaintiff's request for same.

14. Plaintiff has been forced to retain counsel in the underlying lawsuit and to file this declaratory judgment action in order to have this Court declare the rights and obligations under the insurance contract issued by SENECA.

## COUNT I - DECLARATORY JUDGMENT
**(Seneca)**

15. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 above, as if fully set forth herein.

16. Per the terms of the Subcontract, GA Underground agreed to deliver to Plaintiff a Certificate of Insurance ("COI") in accordance with the policies, coverages and limits of liability set forth in the Subcontract. Specifically, GA Underground agreed to procure and maintain, at its expense: Commercial General Liability which includes coverage for property damage with minimum limits of $1,000,000.00 each occurrence and $2,000,000.00 general aggregate. (First Amendment to the Subcontractor Agreement, attached hereto as part of **Exhibit "A"**).

17. GA Underground provided Plaintiff with a COI. See the COI, attached as **Exhibit "D."**

18. Seneca issued the Policy. See the COI, attached as **Exhibit "D."**

19. Upon information and belief, the Policy is in the possession of Seneca. Plaintiff is currently not in possession of the subject Policy.

20. The Policy is a Commercial General Liability Policy, according to the COI and the Subcontract, and is to include coverage for completed operations.

21. GA Underground is the named insured under the Policy, according to the COI.

22. Plaintiff and Google (as the "Project Owner") are listed as Additional Insureds under the Policy, according to the COI.

23. To date, Seneca has failed and refused to accept Plaintiff's demand, and Seneca has failed to provide Plaintiff with a copy of the Policy and ignored Plaintiff's request for same.

24. Seneca's failure to provide Plaintiff with a copy of the Policy has hindered Plaintiff's ability to enforce its and Google's rights as Additional Insureds under the Policy.

25. Upon information and belief, GA Underground obtained the Additional Insured Coverage for Plaintiff and Google as required by the Subcontract from Seneca.

26. Upon information and belief, the Incident was an occurrence triggering coverage under the Policy.

27. The Lawsuit arose out of the Incident.

28. Upon information and belief, Plaintiff and Google are entitled to receive from Seneca full defense and indemnity related to the Lawsuit arising out of the Incident.

29. Upon information and belief, Plaintiff and Google are entitled to receive from Seneca full defense and indemnity related to any future claims arising from the Incident.

30. Plaintiff is entitled to receive from Seneca reimbursement for the costs and reasonable attorneys' fees incurred by Plaintiff in defending the underlying Lawsuit and in enforcing its and Google's rights as Additional Insureds under the Policy, currently expected to exceed the amount of $75,000 exclusive of interest and court costs.

### COUNT II – BREACH OF CONTRACT
**(Seneca)**

31. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1-14 as if fully set forth herein.

32. Seneca issued the subject Policy, which constitutes a contract.

33. Plaintiff and Google are Additional Insureds under the Policy.

34. Seneca has breached the contract of insurance by not defending and refusing to indemnify Plaintiff and Google with regard to the Incident and the claims against Ervin Cable and Google in the underlying Lawsuit.

5

35. As a result of Seneca's breach of the Policy, Plaintiff has sustained damages and is expected to sustain further damages in a total amount in excess of $75,000 exclusive of interest and court costs.

WHEREFORE, Plaintiff respectfully requests that this Court:

    A. Issue a declaratory judgment:

        i. That Plaintiff and Google are entitled, as Additional Insureds under the Policy issued by Seneca, to receive full defense and indemnity for the Lawsuit;

        ii. That Plaintiff and Google are entitled, as Additional Insureds under the Policy issued by Seneca, to receive full defense and indemnity for any other claims arising out of or related to the Incident;

    B. Award Plaintiff damages in the amount of its attorneys' fees, expenses and costs incurred in enforcing its contractual rights under the Policy, together with such other and further relief as to the court seems just and proper.

## **DEMAND FOR JURY TRIAL**

COMES NOW plaintiff Ervin Cable Construction, LLC, by and through its attorneys of record, Baker Sterchi Cowden & Rice, LLC, of Kansas City, Missouri, and files this, its demand for trial by jury to twelve (12) herein. We reserve our right to demand pretrial conference when discovery is complete.

BAKER STERCHI COWDEN & RICE, LLC

/s/ Hal D. Meltzer
Hal D. Meltzer          MO #38535
2400 Pershing Road, Suite 500
Kansas City, MO 64108

6

Telephone: 816-471-2121
Facsimile: 816-472-0288
E-mail: meltzer@bscr-law.com
ATTORNEYS FOR PLAINTIFF
ERVIN CABLE CONSTRUCTION, LLC